**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Lori Lingle and Jason Childs, Defendants,

Of whom Jason Childs is the Appellant

and

Lori Lingle is a Respondent.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2018-000429

Appeal From Anderson County
David E. Phillips, Family Court Judge

Unpublished Opinion No. 2019-UP-043
Submitted December 21, 2018 – Filed January 22, 2019

**REVERSED AND REMANDED**

Gregory Lee Cole, Jr., of Cox & Cole, Attorneys at Law,
of Williamston, for Appellant.

James Victor McDade, of Doyle Tate & McDade, PA, of Anderson; and Kathleen J. Hodges, of Belton, for Respondent South Carolina Department of Social Services.

Lori Lingle, of Greenville, pro se.

J. Marshall Swails, Jr., of Greenville, for the Guardian ad Litem.

---

**PER CURIAM:**  Jason Childs (Father) appeals the family court's termination of his parental rights (TPR) to his minor child (Child), arguing the court erred by finding TPR was in Child's best interest.[1]  We reverse and remand.

"In appeals from the family court, an appellate court reviews factual and legal issues de novo." *S.C. Dep't of Soc. Servs. v. Jennifer M.*, 404 S.C. 269, 276, 744 S.E.2d 591, 595 (Ct. App. 2013).  However, "de novo review does not relieve an appellant of his burden to 'demonstrate error in the family court's findings of fact.'" *Id.* at 277, 744 S.E.2d at 595 (quoting *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011)).  "Consequently, the family court's factual findings will be affirmed unless [the] appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court." *Id.* (second alteration in original) (quoting *Lewis*, 392 S.C. at 392, 709 S.E.2d at 655).

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child.  S.C. Code Ann. § 63-7-2570 (Supp. 2018).  "In a [TPR] case, the best interests of the children are the paramount consideration." *Doe v. Baby Boy Roe*, 353 S.C. 576, 579, 578 S.E.2d 733, 735 (Ct. App. 2003).  "Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate." *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013).  "The termination of the legal relationship between

---

[1] The family court also terminated Lori Lingle's parental rights to Child; however, she did not appeal.  Additionally, Father did not challenge the family court's finding that a statutory ground for TPR was satisfied as to him.  As a result, these rulings are the law of the case. *See S.C. Dep't of Soc. Servs. v. Seegars*, 367 S.C. 623, 628 n.3, 627 S.E.2d 718, 721 n.3 (2006) (holding the termination of a party's parental rights was the law of the case because it "ha[d] not been appealed").

natural parents and a child presents one the most difficult issues this [c]ourt is called upon to decide." *S.C. Dep't of Soc. Servs. v. Cochran*, 364 S.C. 621, 626, 614 S.E.2d 642, 645 (2005). "We exercise great caution in reviewing termination proceedings and will conclude termination is proper only when the evidence clearly and convincingly mandates such a result." *Id.*

We find TPR is not in Child's best interest. Although Father did not complete drug treatment or parenting classes as ordered by his placement plan, he consistently attended visitations with Child and maintained employment and suitable housing. Notably, the Guardian ad Litem (the GAL) testified at the TPR hearing that his recommendation for TPR would likely change if Father were able to complete drug treatment and parenting classes.

In addition, the Department of Social Services (DSS) case worker and the GAL testified Child had a strong bond with Father. *See S.C. Dep't of Soc. Servs. v. Cameron N.F.L.*, 403 S.C. 323, 329, 742 S.E.2d 697, 700 (Ct. App. 2013) ("The Supreme Court of South Carolina has considered bonding when determining whether TPR is in a child's best interest."). The DSS case worker also testified Child struggled with behavioral issues, for which she received weekly counseling, since entering foster care. The GAL agreed Child was not doing well in her foster care placement and opined in his report that her academic and behavioral issues were likely due in part to her separation from Father. The GAL further testified never seeing Father again would be traumatic to Child, and he reported Child missed Father, enjoyed visitations, and wished to be returned home.

Due to Child's strong bond with Father and difficulty adapting to DSS custody, we find TPR is not in her best interest. Father has made some efforts to attend drug treatment and parenting classes, and although his failure to complete these aspects of his placement plan may preclude returning Child to his custody at this time, under the facts of this case it does not support a finding that TPR is in Child's best interest. Accordingly, we reverse the family court's termination of Father's parental rights and remand for a permanency planning hearing pursuant to section 63-7-1700 of the South Carolina Code (Supp. 2018). A permanency planning hearing will allow all parties and the GAL the opportunity to update the family court on Father's progress and Child's status since the TPR hearing. We urge the family court to conduct a hearing as expeditiously as possible.

**REVERSED AND REMANDED.**[2]

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**